On Application for Rehearing

HARWOOD, Justice.
In her application for rehearing with respect to our August 4, 2006, opinion denying her petition for the writ of mandamus, Rosemary Trawick, a social worker for the Dallas County Department of Human Resources (“DHR”), argues that our decision “will have disastrous and wide-ranging effects on the State government’s ability to provide essential protective social services” and that “if [DHR] workers cannot make discretionary or professional decisions within the authority granted by the statute and be covered by State-agent immunity, there will be no ■ one to do the work.” In her rehearing application, she also attempts to present new arguments under the guise that those arguments were in fact made on original submission or that they should be recognized as “jurisdictional,” and she moves to “supplement the record” so that she can “file additional evidentiary materials.”
Because of Trawick’s apparent misapprehension about what our August 4, 2006, opinion actually held, resulting in her dire predictions of calamitous results for the State in its ability to provide protective social services, we respond to her application for rehearing for the purpose of putting things in proper perspective. In doing so, we emphasize that our opinion simply responded (1) to the facts put before us by virtue of the parts of the record selectively presented by the parties, and (2) to the legal arguments Traw-ick chose to make based on those facts.
Trawick was sued in her individual and official capacities; the complaint alleged, among other things, that Trawick had failed to inform the plaintiffs, Fred V. and Rhonda V., suing as parents and next friends of J.V. and R.V., minors, that a complaint had been made accusing James Anderson, a co-owner with his wife, Emma, of Miss Emma’s Day Care Home, of sexual abuse. The trial court denied Trawick’s motion for a summary judgment, and she filed a petition for a writ of mandamus in this Court, which we granted as to her claim of State-agent immunity in her official capacity but denied with respect to her claim of State-agent immunity in her individual capacity and with respect to her argument regarding the statute of limitations.
The thrust of Trawick’s argument in her petition for the writ of mandamus was that she is entitled to State-agent immunity under immunity category (3) of Ex parte Cranman, 792 So.2d 392 (Ala.2000), which affords immunity to a State agent “discharging duties imposed on a department or agency by statute, rule, or regulation, insofar as the statute, rule, or regulation prescribes the manner for performing the duties and the State agent performs the duties in that manner....” 792 So.2d at 405. In her application for rehearing Trawick states that we mistook her argument on original submission and that it was her position that she was under a legal *61 duty to keep confidential the sexual-abuse information because the prior complaint against James Anderson had been resolved as “not indicated.” Therefore, she argues, “by statute disclosure was prohibited,” citing a subsection of the Child Abuse and Neglect Reporting Act, Ala.Code 1975, § 26 — 14—8(c)(1). She faults this Court for quoting “only part” of that subsection in its opinion. In our opinion we quoted the Code section “in pertinent part” because that was the exact and only language Trawick chose to quote in her original submission to us. Specifically, Trawick first stated, in her petition, only that “DHR child abuse and neglect ‘reports and records and ... related information or testimony shall be confidential and shall not be used or disclosed for any purpose’ other than the ones listed in the statute. Ala. Code § 26-14-8(c).” In her reply brief she elaborated to state that
“[t]he [Child Abuse and Neglect Reporting] Act provides in part as follows:
‘“The reports and records of child abuse and neglect and related information or testimony shall be confidential, and shall not be used or disclosed for any purposes other than:
“ ‘(1) To permit their use to prevent or to discover abuse or neglect of children through the information contained therein,.... ’
“ALA[.] CODE § 26-14-8(c).”
We quoted in our opinion that same “part” of the subsection, exactly as truncated by Trawick. She now points out that subsection § 26-14-8(c)(l) reads in its entirety to provide that reports of child abuse shall not be disclosed for purposes other than:
“(1) To permit their use to prevent or discover abuse or neglect of children through the information contained therein, except reports or records in cases determined to be ‘not indicated’ shall not be used or disclosed for purposes of employment or other background checks; or”
(Emphasis supplied by Trawick.)
Using that additional language as a springboard for a new argument on rehearing, Trawick contends that because she stated in the affidavits submitted to the trial court in support of her summary-judgment motion that she had understood that earlier accusations of sexual abuse reported against James Anderson had been determined to be “not indicated,” she was not at liberty to disclose those accusations to Rhonda V. when Rhonda V. telephoned DHR to inquire if there had ever been any complaints or allegations of abuse against the child day-care facility operated by James and Emma Anderson. In other words, Trawick argues that, based on her understanding that the charges against James Anderson had been determined by another DHR worker to be “not indicated,” the reports of those charges could not be disclosed for purposes of “a background check.” Therefore, Trawick goes on to now argue, she was under a mandatory statutory duty not to disclose the fact that a report of sexual abuse had been made against James Anderson and was thus discharging her statutory duty when she did not disclose the sexual-abuse report against James Anderson to Rhonda V. As noted, however, in her petition for the writ of mandamus Trawick never quoted, or in any way alluded to, the concluding part of § 26-14-8(c)(1) on which she now relies; never argued that any part of subsection (c)(1) imposed on her a mandatory duty; and even now does not offer any discussion, much less citation to authority, concerning what constitutes “other background checks” for purposes of that subsection.
In fact, when Trawick offered her only discussion on original submission of the effect of § 26-14-8(c)(l), she stated cate *62 gorically that “[t]he above Section is clearly permissive not mandatory.” Trawick now argues that she “fell under the ‘non-permissive’ portion of a ‘permissive’ subsection of a statute” and that the part of our opinion that “addresse[d] the ‘permissive’ nature of the statute, does not apply to the facts of the case or the argument made by Trawick.” All we stated in our opinion on original submission was that Trawick had taken the position that the “pertinent part” of subsection § 26-14-8(c)(1) quoted in the opinion was “clearly permissive” and thus, we explained, could not impose on her a mandatory statutory duty under Cranman State-agent immunity category (3).
Trawick argues in her rehearing application,' as she did in her petition, that she established that she complied with the statutory mandatory duty not to disclose any information about the sexual-abuse report lodged against James Anderson, because her affidavits submitted in support of her motion for a summary judgment explained that she could not recall having had any conversation with Rhonda V. and that, in any event, she would not have disclosed the information to Rhonda V. That, of course, flies in the face of Rhonda V.’s testimony that she spoke with Trawick over the telephone, inquired if there had been any complaints made against Miss Emma’s Day Care Home, and was told that no complaints had been filed against Miss Emma’s, that none of its employees had ever been accused of anything improper, and that its employees were all “great people” and had “never been accused of anything.”
We took pains in our opinion to point out in footnote 1 that, given our standard of review, we were obliged to view the facts in a light most favorable to the plaintiffs and that Trawick herself acknowledged in her petition that we must view the facts in that light. Trawick now notes that Justice See and Justice Smith took “a more narrow approach to the issue,” basing their special writing concurring in the rationale in part and concurring in the result on the fact that the contention by the plaintiffs was that Trawick had actively misrepresented facts to Rhonda V.; she responds, however, to that approach in her rehearing application simply by referencing the fact that in one of her affidavits filed with the trial court she “denies making any misrepresentations and states that she has never discussed complaints with [Fred V. and Rhonda V.].” Her denial in that regard is unavailing, given the controlling standard of review.
Finally, Trawick revisits the statute-of-limitations issue. We explained in our original opinion that Trawick had not included with her petition a copy of her summary-judgment motion and that Fred V. and Rhonda V. had asserted in their answer to the petition that Trawick had not asserted a statute-of-limitations defense before the trial court. We noted that Trawick had not contradicted that assertion in her reply brief, but had simply stated cryptically that she “did raise the statute of limitations in her Mandamus Petition.” We therefore took it to be “undisputed” that a statute-of-limitations argument had not been raised in the summary-judgment motion and that, therefore, we could not hold that the trial court had erred on that basis in denying Trawick’s summary-judgment motion. Trawick now moves to “supplement the record” so as to supply a copy of the omitted summary-judgment motion, arguing that it will show that she did include in it a statute-of-limitations argument. Of course, there is no “record on appeal” in a mandamus proceeding; it was Trawick’s obligation to attach to her petition “[c]opies of any order or opinion or parts of the record that *63 would be essential to an understanding of the matter set forth in the petition.” Rule 21(a)(1)(E), Ala. R.App. P. Trawick attempts to justify her belated submission to this Court of the summary-judgment motion on the theory that the expiration of the statute of limitations in a criminal case and in a workers’ compensation case creates a jurisdictional bar and that “[sjince the issue of immunity is jurisdictional and the statute of limitations is jurisdictional in some contexts, the statute of limitations should be jurisdictional in immunity cases where the defendant is the state, a state agency, or an official or employee of the state.” Laying aside the issue whether the expiration of the statute of limitations in criminal cases and workers’ compensation cases actually creates a jurisdictional bar as Trawick contends, she offers no citation to authority or any analysis as to why a statute-of-limitations defense is so embedded in a State-agent-immunity defense that it should “share the jurisdictional” status of the State-agent-immunity defense. Consequently, we deny the motion to supplement the record to allow the belated submission of a part of the record available to Trawick on original submission, but which she chose to omit from the materials filed with her petition.
Moreover, Trawick ignores the fact that the complaint, which Trawick attached as an exhibit to her petition, states that “plaintiffs [J.V.] and [R.V.] are minor children who bring this lawsuit by and through their mother and father, Rhonda [V.] and Fred [V.].” Another exhibit to Trawick’s petition reflects that J.V. was born September 18, 1997, and R.V. was born November 17, 1999. The attachments to the original petition also include the combined narrative summary of undisputed facts and brief that the plaintiffs filed in opposition to the summary-judgment motions of the various defendants, and the last page of the brief points out to the trial court that because J.V. and R.V. were minors, § 6-2-8, Ala.Code 1975, suspends the statute of limitations, allowing them a period of three years after reaching the age of majority to file a civil case. Consequently, the plaintiffs correctly argued, the claims asserted by J.V. and R.V. were not time-barred. Nonetheless, in her application for rehearing Trawick persists in her argument that because the alleged abuse of' J.V. and R.V. occurred, and was discovered, more than two years before this action was filed, the action is barred by the two-year statute of limitations set forth at § 6-2-38C), Ala.Code 1975. Suffice it to- say that she has not shown a clear legal right to prevail on a statute-of-limitations defense.
Finally, Trawick requests oral argument, stating that in our opinion on original submission we misapplied or misapprehended applicable law and dispositive facts and asserting that it will have disastrous and wide-ranging effects on the State’s ability to provide essential, protective, and social services to its citizens. We believe that the foregoing explanation of the limited focus of our. August 4, 2006, opinion sufficiently allays Trawick’s concerns of any far-reaching implications, which are not warranted by the actual import of that opinion. Consequently, we deny the request for oral argument, and we deny the application for rehearing.
ORAL ARGUMENT DENIED; APPLICATION OVERRULED.
NABERS, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, BOLIN, and PARKER, JJ., concur.